UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**04 CR 1 0 2 8 8 NG**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. |
| ) | |
| v. ) | **VIOLATIONS:** |
| ) | |
| (1) CARLOS ESPINOLA, ) | 21 U.S.C. § 846 – |
| (2) JOSE MELO, ) | Conspiracy to Possess with Intent |
| (3) JOSEPH BALDASSANO, ) | to Distribute, and to Distribute, |
| (4) MATTHEW CREAM, ) | Oxycodone |
| (5) JASON MATTHEWS, ) | |
| (6) JOSEPH ALLEN, ) | 21 U.S.C. § 841(a)(1) – |
| (7) KEITH BEHSMAN, ) | Distribution of Oxycodone |
| (8) JONATHAN MITCHELL, ) | |
| (9) JAMES GARDNER, ) | 21 U.S.C. § 860(a) – Distribution |
| (10) PHILIP ALBERT, JR., ) | of Oxycodone Within A Public |
| (11) JARED KNOWLTON, ) | Housing Authority |
| (12) ARCHIBALD MACLEOD, ) | |
| (13) GUISEPPE TORRENTE ) | 18 U.S.C. § 2 – Aiding and Abetting |
| ) | |
| ) | 21 U.S.C. § 853 – Criminal |
| ) | Forfeiture Allegation |
| ) | |

## INDICTMENT

**COUNT ONE:**    **(21 U.S.C. § 846 – Conspiracy to Possess with Intent to Distribute, and to Distribute, Oxycodone)**

The Grand Jury charges that:

    Beginning on an unknown date but at least by in or about October 2003 and continuing thereafter until on or about June 10, 2004, at Gloucester, Peabody, Danvers  and elsewhere in the District of Massachusetts,

    1.    **CARLOS ESPINOLA,**
    2.    **JOSE MELO,**
    3.    **JOSEPH BALDASSANO,**
    4.    **MATTHEW CREAM,**
    5.    **JASON MATTHEWS,**
    6.    **JOSEPH ALLEN,**

7.    **KEITH BEHSMAN,**
8.    **JONATHAN MITCHELL,**
9.    **JAMES GARDNER,**
10.   **PHILIP ALBERT, JR.,**
11.   **JARED KNOWLTON,**
12.   **ARCHIBALD MACLEOD,**
13.   **GUISEPPE TORRENTE**

defendants herein, did knowingly and intentionally combine,

conspire, confederate, and agree with each other, and with other

persons unknown to the Grand Jury, to distribute, and to possess

with intent to distribute, oxycodone, a Schedule II controlled

substance, in violation of Title 21, United States Code, Section

841(a)(1).

All in violation of Title 21, United States Code, Section

846.

**COUNT TWO**:        **(21 U.S.C. § 841(a)(1) - Distribution of Oxycodone; 21 U.S.C. § 860(a) - Public Housing Violation)**

The Grand Jury further charges that:

On or about October 29, 2003, at Gloucester, in the District of Massachusetts,

### 7. KEITH BEHSMAN

defendant herein, did knowingly and intentionally distribute, and possess with intent to distribute, oxycodone, a Schedule II controlled substance, within 1,000 feet of the real property comprising the Riverdale Park Housing Development, a housing facility owned by a public housing authority.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 860(a).

**COUNT THREE**:    **(21 U.S.C. §841(a)(1) - Distribution of Oxycodone; 21 U.S.C. 860(a)- Public Housing Violation)**

The Grand Jury further charges that:

On or about November 4, 2003, at Gloucester, in the District of Massachusetts,

### 7. KEITH BEHSMAN,

defendant herein, did knowingly and intentionally distribute, and possess with intent to distribute, oxycodone, a Schedule II controlled substance, within 1,000 feet of the real property comprising the Riverdale Park Housing Development, a housing facility owned by a public housing authority.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 860(a).

**COUNT FOUR:**      **(21 U.S.C. § 841(a)(1) – Distribution of Oxycodone; 18 U.S.C. § 2 – Aiding and Abetting)**

The Grand Jury further charges that:

On or about November 5, 2003, at Gloucester, in the District of Massachusetts,

       **7.   KEITH BESHMAN, and**
     **10.   PHILLIP ALBERT**

defendants herein, did knowingly and intentionally distribute, and possess with intent to distribute, oxycodone, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**COUNT FIVE**:     (21 U.S.C. §841(a)(1) - Distribution of Oxycodone;
                    12 U.S.C. § 2- Aiding and Abetting)

The Grand Jury further charges that:

On or about November 25, 2003, at Peabody, in the District
of Massachusetts,

> **3. JOSEPH BALDASSANO,**
> **7. KEITH BEHSMAN, and**
> **8. JONATHAN MITCHELL**

defendants herein, did knowingly and intentionally distribute,
and possess with intent to distribute, oxycodone, a Schedule
II controlled substance.

All in violation of Title 21, United States Code, Section
841(a)(1) and Title 18, United States Code, Section 2.

**COUNT SIX:**      **(21 U.S.C. § 841(a)(1) - Distribution of Oxycodone;**
**18 U.S.C. § 2 - Aiding and Abetting)**

The Grand Jury further charges that:

On or about December 2, 2003, at Peabody, in the District of

Massachusetts,

**3.   JOSEPH BALDASSANO,**
**7.   KEITH BEHSMAN, and**
**11.  JARED KNOWLTON**

defendants herein, did knowingly and intentionally distribute,

and possess with intent to distribute, oxycodone, a Schedule

II controlled substance.

All in violation of Title 21, United States Code, Section

841(a)(1) and Title 18, United States Code, Section 2.

**COUNT SEVEN:**    **(21 U.S.C. § 841(a)(1) – Distribution of Oxycodone; 21 U.S.C. § 860(a) – Public Housing Violation; 18 U.S.C. § 2 – Aiding and Abetting)**

The Grand Jury further charges that:

On or about December 12, 2003, at Gloucester, in the District of Massachusetts,

**7. KEITH BEHSMAN, and**
**8. JONATHAN MITCHELL**

defendants herein, did knowingly and intentionally distribute, and possess with intent to distribute, oxycodone, a Schedule II controlled substance, within 1000 feet of the real property comprising the Riverdale Park Housing Development, a housing facility owned by a public housing authority.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 860(a), and Title 18, United States Code, Section 2.

**COUNT EIGHT:**    **(21 U.S.C. § 841(a)(1) - Distribution of Oxycodone; 21 U.S.C. § 860(a) - Public Housing Violation; 18 U.S.C. § 2 - Aiding and Abetting)**

The Grand Jury further charges that:

On or about January 6, 2004, at Gloucester, in the District of Massachusetts,

    **7.  KEITH BEHSMAN, and**
    **9.  JAMES GARDNER**

defendants herein, did knowingly and intentionally distribute, and possess with intent to distribute, oxycodone, a Schedule II controlled substance, within 1,000 feet of the real property comprising the Riverdale Park Housing Development, a housing facility owned by a public housing authority.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 860(a), and Title 18, United States Code, Section 2.

**COUNT NINE:**     **(21 U.S.C. § 841(a)(1) – Distribution of**
                   **Oxycodone)**

The Grand Jury further charges that:

On or about January 13, 2004, at Gloucester, in the District

of Massachusetts,

### 12.   ARCHIBALD MACLEOD

defendant herein, did knowingly and intentionally distribute,

and possess with intent to distribute, oxycodone, a Schedule

II controlled substance.

All in violation of Title 21, United States Code, Section

841(a)(1).

**COUNT TEN**:    (21 U.S.C. § 841(a)(1) – Distribution of
                  Oxycodone; 21 U.S.C. § 860(a) – Public Housing
                  Violation; 18 U.S.C. § 2 – Aiding and Abetting)

The Grand Jury further charges that:

On or about January 14, 2004, at Gloucester, in the District

of Massachusetts,

      **4.  MATTHEW CREAM, and**
      **7.  KEITH BEHSMAN,**

defendants herein, did knowingly and intentionally distribute,

and possess with intent to distribute, oxycodone, a Schedule

II controlled substance, within 1000 feet of the property

comprising the Riverdale Park Housing Development, a housing

facility owned by a public housing authority.

All in violation of Title 21, United States Code, Sections

841(a)(1) and 860)a), and Title 18, United States Code, Section

2.

**COUNT ELEVEN:**    **(21 U.S.C. § 841(a)(1) – Distribution of**
                     **Oxycodone; 18 U.S.C. § 2 – Aiding and Abetting)**

The Grand Jury further charges that:

On or about January 22, 2004, at Gloucester, in the District

of Massachusetts,

**4.  MATTHEW CREAM, and**
**13. JOSEPH TORRENTE**

defendants herein, did knowingly and intentionally distribute,

and possess with intent to distribute, oxycodone, a Schedule

II controlled substance.

All in violation of Title 21, United States Code, Section

841(a)(1) and Title 18, United States Code, Section 2.

**COUNT TWELVE**:  **(21 U.S.C. § 841(a)(1) - Distribution of Oxycodone)**

The Grand Jury further charges that:

On or about February 4, 2004, at Gloucester, in the District of Massachusetts,

### 13.  JOSEPH TORRENTE

defendant herein, did knowingly and intentionally distribute, and possess with intent to distribute, oxycodone, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**COUNT THIRTEEN**:     **(21 U.S.C. § 841(a)(1) - Distribution of Oxycodone)**

The Grand Jury further charges that:

On or about March 11, 2004, at Gloucester, in the District of Massachusetts,

### 12.   ARCHIBALD MCLEOD

defendant herein, did knowingly and intentionally distribute, and possess with intent to distribute, oxycodone, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**COUNT FOURTEEN**:        **(21 U.S.C. § 841(a)(1) - Distribution of Oxycodone)**

The Grand Jury further charges that:

On or about March 15, 2004, at Peabody, in the District of Massachusetts,

### 12.   ARCHIBALD MCLEOD

defendant herein, did knowingly and intentionally distribute, and possess with intent to distribute, oxycodone, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**COUNT FIFTEEN**: **(21 U.S.C. § 841(a)(1) - Distribution of Oxycodone)**

The Grand Jury further charges that:

On or about March 23, 2004, at Peabody, in the District of Massachusetts,

**12.  ARCHIBALD MCLEOD**

defendant herein, did knowingly and intentionally distribute, and possess with intent to distribute, oxycodone, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**COUNT SIXTEEN**: (21 U.S.C. § 841(a)(1)– Distribution of Oxycodone;
                 18 U.S.C. § 2 – Aiding and Abetting)

The Grand Jury further charges that:

On or about June 7, 2004, at Peabody, in the District of

Massachusetts,

      **2.    JOSE MELO,**
      **3.    JOSEPH BALDASSANO, and**
      **6.    JOSEPH ALLEN**

defendants herein, did knowingly and intentionally distribute,

and possess with intent to distribute, oxycodone, a Schedule

II controlled substance.

All in violation of Title 21, United States Code, Section

841(a)(1) and Title 18, United States Code, Section 2.

**COUNT SEVENTEEN**:    (21 U.S.C. § 841(a)(1)- Distribution of
                         Oxycodone; 18 U.S.C. § 2 - Aiding and
                         Abetting)

The Grand Jury further charges that:

On or about June 10, 2004, at Danvers, in the District of

Massachusetts,

**2.  JOSE MELO, and**
**3.  JOSEPH BALDASSANO,**

defendants herein, did knowingly and intentionally distribute,

and possess with intent to distribute, oxycodone, a Schedule

II controlled substance.

All in violation of Title 21, United States Code, Section

841(a)(1) and Title 18, United States Code, Section 2.

-18-

**FORFEITURE ALLEGATION**:    **(21 U.S.C. § 853)**

The Grand Jury further charges that:

1.    As a result of the offenses alleged in Counts 1 through 17 of this Indictment,

        1.    **CARLOS ESPINOLA,**
        2.    **JOSE MELO,**
        3.    **JOSEPH BALDASSANO,**
        4.    **MATTHEW CREAM,**
        5.    **JASON MATTHEWS,**
        6.    **JOSEPH ALLEN,**
        7.    **KEITH BEHSMAN,**
        8.    **JONATHAN MITCHELL,**
        9.    **JAMES GARDNER,**
      10.    **PHILIP ALBERT, JR.,**
      11.    **JARED KNOWLTON,**
      12.    **ARCHIBALD MACLEOD, and**
      13.    **GUISEPPE TORRENTE**

defendants herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations.

2.    If any of the property described in paragraph 1, above, as a result of any act or omission of the defendants –

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraph 1.

All in violation of Title 21, United States Code, Section 853.

## NOTICE OF ADDITIONAL FACTORS

The Grand Jury further finds that:

1.    The defendant CARLOS ESPINOLA is accountable for a quantity of oxycodone that, when converted to marijuana as provided by USSG §2D1.1 (drug equivalency table), is equivalent to at least 10,000 kilograms of marijuana but less than 30,000 kilograms of marijuana.  Accordingly, USSG §2D1.1(c)(2) applies to this defendant.

2.    The defendant JOSE MELO is accountable for a quantity of oxycodone that, when converted to marijuana as provided by USSG §2D1.1 (drug equivalency table), is equivalent to at least 100 kilograms but not more than 400 kilograms of marijuana.  Accordingly, USSG §2D1.1(c)(7) applies to this defendant.

3.    The defendant JOSEPH BALDASSANO is accountable for a quantity of oxycodone that, when converted to marijuana as provided by USSG §2D1.1 (drug equivalency table), is equivalent to at least 10,000 kilograms of marijuana but less than 30,000 kilograms of marijuana.  Accordingly, USSG §2D1.1(c)(2) applies to this defendant.

4.    The defendant MATTHEW CREAM is accountable for a quantity of oxycodone that, when converted to marijuana as provided by USSG §2D1.1 (drug equivalency table), is equivalent to at least 10,000 kilograms of marijuana but less than 30,000

kilograms of marijuana.  Accordingly, USSG §2D1.1(c)(2) applies
to this defendant.

5.   The defendant JASON MATTHEWS is accountable for
a quantity of oxycodone that, when converted to marijuana as
provided by USSG §2D1.1 (drug equivalency table), is equivalent
to at least 3,000 kilograms of marijuana but less than 10,000
kilograms of marijuana.  Accordingly, USSG §2D1.1(c)(3) applies
to this defendant.

6.   The defendant PHILLIP ALBERT, JR. is accountable for
a quantity of oxycodone that, when converted to marijuana as
provided by USSG §2D1.1 (drug equivalency table), is equivalent
to at least 3,000 kilograms of marijuana but less than 10,000
kilograms of marijuana.  Accordingly, USSG §2D1.1(c)(3) applies
to this defendant.

7.   The defendant JOSEPH ALLEN is accountable for
a quantity of oxycodone that, when converted to marijuana as
provided by USSG §2D1.1 (drug equivalency table), is equivalent
to at least 3,000 kilograms of marijuana but less than 10,000
kilograms of marijuana.  Accordingly, USSG §2D1.1(c)(3) applies
to this defendant.

8.   The defendant KEITH BEHSMAN is accountable for
a quantity of oxycodone that, when converted to marijuana as
provided by USSG §2D1.1 (drug equivalency table), is equivalent
to at least 3,000 kilograms of marijuana but less than 10,000