UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                          )   CRIMINAL NO.  04-10288 RWZ
                          )
        V.                )
                          )
                          )
        JOSE MELO         )

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION
TO REVOKE DETENTION ORDER AND FOR RELEASE FROM CUSTODY

On July 2, 2004 a detention and probable cause hearing was held before Swartwood, M.J.  On or about July 12, 2004, Judge Swartwood ordered the defendant Jose Melo detained. In his decision, the judge focused on two factors enumerated in 18 U.S.C. §3142; danger to the community and risk of flight.  The following findings were made:

   D.    Whether Messrs. Melo and Allen Pose A Danger to
         the Community

   1. Mr. Melo

   The Government has presented overwhelming evidence
   that Mr. Melo is a source for large amounts of
   OxyContin tablets. In a short period of time, Mr.
   Melo was able to provide the UC with 600 80 mg
   OxyContin tablets, including 500 tablets in one
   transaction.  Furthermore, Mr. Baldassano identified
   Mr. Melo as a long time supplier of oxycodone
   (albeit, a supplier who was a middleman rather than
   the top source). At the same time, Mr. Melo does not
   have a substantial criminal record and no record of
   prior convictions for drug dealing or crimes of
   violence. Therefore, I am relying on the rebuttable
   presumption to detain Mr. Melo on dangerousness
   grounds.

    F.      Whether Messrs. Melo and Allen Pose A Risk Of Flight

1. Mr. Melo

Mr. Melo is a legal permanent resident who has lived in this country since he was thirteen. Mr. Melo's immediate family all live in Massachusetts. At the same time, Mr. Melo has recently visited Portugal. Furthermore, because of the amount of drugs involved and his alleged role as a supplier in this conspiracy, Mr. Melo, who has never served any time, faces a significant sentence if convicted of the offenses with which he has been charged in this Complaint. Mr. Melo is also facing almost certain deportation if convicted of the offenses charged. Therefore, considering the strength of the Government's case against Mr. Melo, the substantial sentence Mr. Melo faces in this case if he is found guilty and the fact that he faces almost certain deportation after serving a sentence, I find by a preponderance of the evidence that Mr. Melo poses a risk of flight and that there are no conditions or combination of conditions that I may impose that would assure his appearance in Court as directed.

For the reasons set out below this Court should revisit these findings, revoke the order and release Mr. Melo pending trial.

**<u>DANGEROUSNESS</u>:**

As noted by the Magistrate Judge, the defendant's criminal record is unremarkable. There are no convictions for drug offenses or crimes of violence. There have been no additional circumstances suggested by the government demonstrating dangerousness. The finding that Melo is dangerous is conclusory at best. In *United States v. Tortora*, 922 F.2d 880 (1st Cir. 1990) the issue of dangerous

was highlighted by identifiable incidents of the defendant's conduct. There, the defendant was indicted for crimes of violence, had a long criminal record, had an "abiding commitment to the use of deadly force", had committed crimes while on parole, swore an oath to kill informants and put the interests of his criminal enterprise over his family. *Id.*

To the contrary, Melo has an insignificant criminal history, a strong family commitment as more fully discussed below, a legitimate career and not a hint of violent behavior.

**RISK OF FLIGHT**:

Similarly, the Magistrate Judge's finding that Jose Melo presents a flight risk is baseless. All of his family is in the United States. He works here. He has been in this country since he thirteen years old. The base level of the offense with which Melo is charged is 26. If the sentencing guidelines are deemed constitutional and applied the defendant faces roughly 63-78 months. That gets reduced substantially upon a change of plea. If the sentencing guidelines are deemed unconstitutional as suggested in *Blakely v. Washington*, ___ U.S. ___ (2004) there is no mandatory sentence.

**COMBINATION OF CONDITIONS WARRANTING RELEASE**:

3

1. Jose Melo is prepared to surrender his passport prior to release.

2. Jose Melo is amenable to a bracelet or some sort of electronic monitoring pending release. He would like to continue with working and resurrect what is left of his business if agreeable to the court.

3. Jose Melo is prepared to submit to regular or random drug testing as ordered by the court or as recommended by pre-trial services.

4. None of these conditions were considered by Magistrate Judge Swartwood.

5. Mr. Melo is amenable to any conditions this Court would order relative to his release.

Jose Melo,
By his attorney,

_____
Stephen Neyman
160 State Street
8th Floor
Boston, MA 02109-2502
617-263-6800
B.B.O. # 551576

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 04-10288 RWZ |
| | ) | |
| V. | ) | |
| | ) | |
| | ) | |
| JOSE MELO | ) | |

CERTIFICATE OF SERVICE

    I hereby certify that on November 3, 2004 I caused a copy of DEFENDANT JOSE MELO'S MOTION TO REVOKE DETENTION ORDER AND FOR RELEASE FROM CUSTODY along with a supporting memorandum of law to be served on Assistant United States Attorney David Tobin, John Joseph Moakley United States Courthouse 1 Courthouse Way, Suite 9200. Boston, Massachusetts 02210 by placing the same in the United States mail, postage prepaid.

_____
Stephen Neyman