UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 04-10288-RWZ |
| CARLOS ESPINOLA, ET AL. | ) ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT JOSE MELO'S
<u>SENTENCING MEMORANDUM</u>

Now comes the United States, by its attorneys, Michael J. Sullivan, United States Attorney, and David G. Tobin, Assistant U.S. Attorney, and hereby responds to defendant Jose Melo's Sentencing Memorandum.

As stated in the Revised Presentence Report, the United States submits that this Honorable Court should hold Jose Melo responsible for sentencing purposes for two-thousand 80 milligram OxyContin tablets.  This amount is based on the one-hundred tablets distributed on June 7, 2004, the five-hundred tablets distributed on June 10, 2004, the five-hundred tablets which were the subject of negotiations on June 29, 2004, the three-hundred tablets Mr. Baldassano received from the ultimate supplier, but for which he made payment to Mr. Melo, and approximately six-hundred additional tablets Mr. Baldassano received from Mr. Melo during other buys.

In his Sentencing Memorandum, Counsel for Mr. Melo incorrectly implies that the only evidence of Mr. Melo distributing OxyContin on dates other than June 7 and 10, 2004,

is the admission Mr. Melo made during a "safety valve" proffer. This in not accurate. Prior to Mr. Melo's "safety valve" interview, Joseph Baldassano provided the government with information about Mr. Melo's OxyContin distribution activities. Mr. Baldassano detailed how he paid Mr. Melo for the three hundred OxyContin tablets Mr. Baldassano received from the ultimate source, as well as the fact that Mr. Baldassano was supplied with OxyContin by Mr. Melo on a total of five to ten occasions (including the June 7 and 10, 2004 distributions). Mr. Melo's admission during the "safety valve" interview that he distributed OxyContin to Mr. Baldassano on three to five occasions merely corroborated Mr. Baldassano's previous statements about being supplied with OxyContin by Mr. Melo.

The United States further submits that there was nothing "improper, calculating [or] arguably retaliatory" about notifying United States Probation that Mr. Melo admitted during a "safety valve" interview that he distributed one-hundred OxyContin tablets to Mr. Baldassano on three to five occasions (in addition to the June 7 and 10, 2004 distributions). It is well settled that statements made by a defendant during a "safety valve" interview are not protected and may be used against the defendant at sentencing. See Revised Presentence Report at page 58.

The United States notes that at the beginning of the interview with Mr. Melo, the undersigned and Mr. Melo's counsel

discussed that United States Probation had concluded that Mr. Melo was not eligible for a "safety valve" reduction. Despite this fact, Mr. Melo and his counsel opted to continue with the interview. The position of the United States on the number of OxyContin tablets for which this Court should hold Mr. Melo responsible has not changed as a result of Mr. Melo's inculpatory admission during the "safety valve" interview.

The United States respectfully submits that Mr. Melo should be sentenced on the basis of two-thousand OxyContin tablets. As noted in the Revised Presentence Report on page 59, at two-thousand tablets, Mr. Melo's base offense level would be 32, and his total offense level would be 29, with a advisory guideline range of 97 to 121 months.

The United States respectfully requests that this Honorable Court sentence Mr. Melo to 110 months. This is approximately mid-point within the applicable advisory guideline range (97 to 121 months).

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: *David G. Tobin*
DAVID G. TOBIN
Assistant U.S. Attorney

3

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                            /s/ DAVID G. TOBIN
                                            DAVID G. TOBIN
                                            Assistant United States Attorney